IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLE BULLOCK, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-2800-N |
| | ) | |
| AMERICAN HEART ASSOCIATION, | ) | |
|                 Defendant. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. The Court has not issued process pending judicial screening.

Plaintiff is a former employee of Defendant American Heart Association. She states Defendant unlawfully terminated her employment on the basis of age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's claims are barred by the statute of limitations. Title VII requires that an aggrieved party file suit in federal court within ninety days after being notified of her right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also, Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). In this case, Plaintiff attached her right-to-sue letter to her answers to the Magistrate Judge's Questionnaire. The right-to-sue letter is dated May 9, 2007. Plaintiff did not file this complaint until August 13, 2012. Her complaint is therefore untimely.

While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*

In this case, Plaintiff filed her complaint five years late. She has not shown that she diligently pursued her judicial remedies or that she was induced or tricked into filing her

complaint after the deadline.  Plaintiff has not shown she is entitled to equitable tolling.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed as barred by the statute of limitations.

Signed this 14th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).